## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

DONALD THOMAS (TOMMY) SHARP,

      Plaintiff,

vs.                                 No. CIV 21-0711 JB/GBW

NEW MEXICO STATE FINANCE BOARD,
OFFICERS PERSONALLY AND SEPARATE,

      Defendants.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court sua sponte under rule 41(b) of the Federal Rules of Civil Procedure on: (i) Plaintiff Donald Thomas (Tommy) Sharp's handwritten Civil Complaint, filed July 30, 2021 (Doc. 1)("Complaint"); and (ii) Amended Complaint, filed August 27, 2021 (Doc. 6). The Court will dismiss the Complaint and Amended Complaint without prejudice for failure to comply with Court orders, federal statutes, and federal rules, and failure to prosecute this proceeding.

Sharp filed his Complaint on July 30, 2021. See Complaint at 1. Sharp did not pay the filing fee or submit an application to proceed in forma pauperis at the time he filed the Complaint. The Honorable Gregory B. Wormuth, United States Magistrate Judge for the United States District Court for the District of New Mexico, entered an Order to Cure Deficiencies, filed August 3, 2021 (Doc. 2)("Cure Order"), directing Sharp to cure deficiencies either by paying the filing fee or submitting an application to proceed under 28 U.S.C. § 1915 within thirty days of the Cure Order's entry. See Cure Order at 1. Magistrate Judge Wormuth also provided Sharp with a form Application to Proceed in District Court Without Prepayment of Fees or Costs. See Cure Order at

2.  The Cure Order advised Sharp that, if he fails to cure the deficiency within the thirty-day time period, the Court could dismiss this proceeding without further notice.  See Cure Order at 2.

On August 27, 2021, Sharp submitted the form Application to Proceed, filed August 27, 2021 (Doc. 7)("Application").  The Application is incomplete, however, because it does not include the required six-month inmate account statement.  See Application at 1.  Sharp has acknowledged the filing fee requirement, but on September 27, 2021, Sharp filed a Motion to Discharge All Fees and Costs, filed September 27, 2021 (Doc. 11)("Motion"), in this and eighteen other cases, contending that a public law and the Uniform Commercial Code ("U.C.C.") permit him to discharge his obligation to pay the statutory filing fees.  See Motion at 1.

This case is one of many that Sharp has filed advancing a theory that local, State, and federal governmental officials and agencies are engaged in a racketeering and fraud scheme.  See Complaint at 1.  In this case, Sharp seeks five million dollars in damages.  Complaint at 4, 5.  The Court notes that Sharp has filed a number of civil cases with the Court under the names Tommy Sharp, Donald Sharp, Donald Thomas Sharp, and Donald Tommy Sharp.[1]  He is presently under filing restrictions that the Honorable William Johnson, Chief United States District Judge for the United States District Court for the District of New Mexico, imposed because of his lengthy and

_____

[1]See, including but not limited to, Sharp v. Federal Bureau of Investigation, No. CIV 21-0770 KWR/SCY; Sharp v. U.S. House of Representatives, No. CIV 21-0771 MV/SCY; Sharp v. Lea County Sheriff, No. CIV 21-0772 MV/LF; Sharp v. Gonzales, No. CIV 21-0769 MV/LF; Sharp v. United States, No. CIV 21-0698 JB/GBW; Sharp v. Core Civic, No. CIV 21-0699 KG/GJF; Sharp v. State of New Mexico, No. CIV 21-0700 WJ/SMV; Sharp v. Department of Justice, No. CIV 21-704 MV/JFR; Sharp v. U.S. Supreme Court, No. CIV 21-0705 JCH/KBM; Sharp v. New Mexico Board of Finance, No. CIV 21-0711 JB/GBW; Sharp v. City of Edgewood Chief of Police, No. CIV 21-0712 JB/JHR; Sharp v. Mace, Cibola County Sheriff, No. CIV 21-0714 MV/SMV; Sharp v. Biden, No. CIV 21-0719 KWR/CG; Sharp v. El, No. CIV 21-0720 KWR/GBW; Sharp v. U.S. Marshall Service, No. CIV 21-0721 RB/GJF; Sharp v. U.S. Federal Public Defenders Office, No. CIV 21-0819 JB/CG; Sharp, et al., v. Core Civic, No. CIV 21-0820 WJ/JFR.

abusive litigation history.   See Sharp v. State of New Mexico, No. CIV 21-0700 WJ/SMV, Memorandum Opinion and Order, filed October 15, 2021 (Doc. 29).

More than four months have elapsed since the entry of Magistrate Judge Wormuth's Cure Order.  Sharp has not paid the $402.00 filing fee or submitted a complete application to proceed under § 1915 in proper form.  Instead, Sharp has refused to pay the filing fee in this and other civil cases, incorrectly asserting that he is entitled to have all court fees discharged.  See Application at 1.  As Sharp has been advised, regardless whether his Civil Complaint is treated as a Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968, claim or a civil rights case, it is a civil action and, under 28 U.S.C. §§ 1914(a) and 1915(a), the Court must collect the filing fee from Sharp or authorize Sharp to proceed without prepayment of the fee.  Sharp has neither paid the $402.00 filing fee nor submitted an application to proceed under § 1915 in proper form.

Moreover, Sharp's construction of § 1915 is contrary to federal law.  Section 1915 is designed "to reduce . . . prisoner litigation by making all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees."  Cosby v. Meadors, 351 F.3d 1324, 1327 (10th Cir. 2003)(quotations omitted).  Congress has determined that prisoners must "bear some marginal cost for each legal activity."   Cosby v. Meadors, 351 F.3d at 1327. Accordingly, "[§] 1915(b)(1) calls for assessment of 'an initial partial filing fee' *each time* a prisoner 'brings a civil action," and the Court must collect "'monthly payments of 20 percent of the preceding month's income' simultaneously for *each action* pursued."  Bruce v. Samuels, 577 U.S. 82, 89-90 (2016)(emphasis added).

Sharp argues that he is relieved of his obligation to pay the fees and costs for this proceeding based on a 1933 law rendering gold clauses in contracts unenforceable and authorizing payment of debts in any form of legal United States tender.  See Motion at 1; Adams v. Burlington

Northern Railroad, 80 F.3d 1377 (9th Cir. 1996).  A federal statute, not a contract, obligates Sharp to pay the fees and costs in this proceeding.  See 28 U.S.C. §§ 1914, 1915.  Nor does the statute contain any gold clause.  Neither the 1933 law nor the U.C.C. authorize discharge of the statutory requirement to pay the fees and costs, nor do they, in any way, relieve Sharp of his obligation to pay the entire $402.00 filing fee for every civil action he files in this Court.  The Court, therefore, denies Sharp's Motion.

The Court may dismiss a proceeding under rule 41(b) of the Federal Rules of Civil Procedure for failure to comply with statutes or rules of civil procedure, or to comply with court orders.  See Olsen v. Mapes, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003).  The Court will, therefore, dismiss this civil proceeding pursuant to rule 41(b) for failure to comply with 28 U.S.C. §§ 1914 and 1915, for failure to comply with the Order, and for failure to prosecute this proceeding.  Also pending before the Court is Sharp's Motion to Enter Evidence, filed September 22, 2021 (Doc. 9). The Court will deny the pending motion as moot in light of the dismissal of this case.

**IT IS ORDERED** that: (i) Plaintiff Donald Thomas (Tommy) Sharp's Civil Complaint, filed July 30, 2021 (Doc. 1), is dismissed without prejudice; (ii) Amended Complaint, filed August 27, 2021 (Doc. 6), is dismissed without prejudice; (iii) Sharp's Motion to Discharge All Fees and Costs, filed September 27, 2021 (Doc. 11), is denied; and (iv) Sharp's Motion to Enter Evidence, filed September 22, 2021 (Doc. 9), is denied as moot.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Donald Thomas (Tommy) Sharp
Milan, New Mexico

   *Plaintiff Pro Se*

- 4 -